Filed 11/28/06 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2006 ND 235

Jane Silbernagel and Steven Silbernagel, Plaintiffs and Appellees

v.

John M. Silbernagel, Tom Silbernagel,

Judy Landry, Laurie Jensen, Betty Cramer,

and Joann Umpress, and Defendants 1-100,

all other persons unknown claiming any

estate or interest in, or lien or encumbrance

upon, the property described herein, Defendants

Betty Cramer, Defendant and Appellant

No. 20060201

Appeal from the District Court of Kidder County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED.

Per Curiam.

Joseph J. Cichy, Joseph J. Cichy, P.C., 115 North 4th Street, Ste. 2, Bismarck, ND 58501, for plaintiffs and appellees.

Charles R. Isakson, Chapman and Chapman, P.C., P.O. Box 1258, Bismarck, ND 58502-1258, for defendant and appellant.  Submitted on brief.

Silbernagel v. Silbernagel

No. 20060201

Per Curiam.

[¶1] Betty Jo Elliott, formerly known as Betty Jo Cramer, appealed from summary judgment in a quiet title action determining that she holds a one-twelfth interest in certain real property located in Kidder and Logan Counties.  The district court based its conclusion on a prior judgment in an heirship proceeding regarding that same real property.  The district court held that the heirship judgment was res judicata as to Elliott’s ownership share in the property.

[¶2] Elliott argued that the doctrines of res judicata and collateral estoppel should not bar her ownership claims because she had never received actual notice of the heirship proceeding.  However, Elliott may not collaterally attack the heirship judgment in her appeal of the judgment quieting title.  Rather, she should have moved for relief from the heirship judgment in the district court which rendered that judgment.  
See
 N.D.R.Civ.P. 4(e)(7) (providing that a defendant who is served by publication may reopen and defend the action if he has not received actual notice and has a good and meritorious defense); N.D.R.Civ.P. 60(b) (providing that a party may seek relief from a final judgment or order in certain specified circumstances).  We conclude that the district court’s grant of summary judgment is supported by the record and summarily affirm under N.D.R.App.P. 35.1(a)(6).

[¶3] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner